## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

ORSURE STOKES,                )
                          )
        Plaintiff,         )
                          )
     vs.                   )        **Case No. 6: 23-cv-03311-MDH**
                          )
COMPLETE MOBILE DENTISTRY and  )
DANIEL DRISCOLL, in his official capacity as  )
the Secretary of the Army,     )
                          )
        Defendants.     )

## ORDER

Before the Court is Complete Mobile Dentistry's ("CMD") Motion for Summary Judgment. (Doc. 99). Defendant moves for summary judgment on Count II, retaliation under Title VII.[1] The motion has been fully briefed and is ripe for review. For the reasons stated herein, the motion for summary judgment in favor of CMD is granted.

## BACKGROUND

The following background facts are taken from Defendant's motion for summary judgement. Plaintiff, in his suggestions in opposition, fails to admit or controvert Defendant's separately numbered paragraphs. Local Rule 56(b)(1) states:

> A party opposing a motion for summary judgment must begin its opposing suggestions by admitting or controverting each separately numbered paragraph in the movant's statement of facts. If the opposing party controverts a given fact, it must properly support its denial in accordance with Fed. R. Civ. P. 56(c). Unless specifically controverted by the opposing party, all facts set forth in the statement of the movant are deemed admitted for the purpose of summary judgment.

---

[1] Plaintiff's Amended Complaint originally asserted four claims: Count I - race and color discrimination; Count II – retaliation; Count III - age discrimination; and Count IV - disability discrimination. The Court previously dismissed Counts I, III, and IV against the Army.

1

As Plaintiff has not specifically controverted any of the facts set forth in the statement of uncontroverted facts by Defendant, they will be deemed admitted for the purpose of summary judgment.

CMD is a staffing agency and in 2018 secured a contract to staff military bases with dentists. Plaintiff is a dentist who completed four years of dental school at University of Medicine and Dentistry in New Jersey. After dental school, Plaintiff attended Northwestern University to become an endodontist.

On or about November 19, 2018, Plaintiff and CMD entered into a Dental Contractor Agreement ("Agreement") to fill an endodontist position with the government at Fort Leonard Wood, Missouri ("FLW"). Under the terms of the Agreement, Plaintiff agreed to perform dental services such as dental diagnosis and treatment, as an independent contractor. The Agreement provides:

> CMD is engaging Independent Contractor's services as a dentist. Independent Contractor to perform dental services. Independent Contractor will perform dental diagnosis and treatment at client requests while upholding all legal, ethical and moral standards… Independent Contractor is to determine the manner in which such services are performed and are solely responsible for the failure to complete such services in an appropriate manner.

Pursuant to the Agreement, Plaintiff was required to provide his own lab coat for exams and safety glasses. Section 3 of the Agreement provides:

**3. Relationship of the Parties**

> The relationship between the Parties to this Agreement is that of independent contractors. The Parties are not partners, agents, or employees of each other and accordingly, neither party has any right or authority to enter into any contracts in the name of or for the account of the other party, nor to assume or create any obligation or liability of any kind, express or implied, on behalf of the other party. Independent Contractors, acting as dentists under this Agreement, are not authorized to transact business, incur obligations, sell goods or services, receive payments, solicit, order or sign or create in any way whatsoever or to make any promise, warranty or representation on behalf of CMD, except as expressly

2

authorized in writing by CMD. Subject to the rights retained by or granted to and the obligations undertaken by the Parties pursuant to this Agreement, the Parties shall conduct their business and affairs at their own initiative, responsibility and expense. CMD and Independent Contractor agree that Independent Contractor shall act as an independent contractor in the performance of their duties under this Agreement. Accordingly, Independent Contractor shall be responsible for paying all federal, state and local taxes arising out of Independent Contractor's activities performed in connection with this Agreement, including but limited to, federal and state income tax, Social Security tax, unemployment insurance taxes and any other taxes or business license fees required by any applicable law, rule or regulation. Independent Contractor represents that he/she has a valid Federal Employer Identification Number or has filed business or self-employment income tax returns with the IRS in the previous year.

The Agreement required Plaintiff to maintain his own insurance coverage and all necessary licensing such as state license, federal DEA, training including HIPAA & OSHA, CPR certification and any other job requirement that may be necessary at Plaintiff's own time and expense.

The Agreement also provides:

This Agreement shall commence the date it is signed and shall continue until either Independent Contractor or CMD terminates this Agreement by notifying the other in writing or email of its termination or any other occurrence as outlined in section twelve below. This Agreement may be terminated by any party at any time… Independent Contractors will be paid the base fee of $200 per hour.

In accordance with the terms of the Agreement, CMD provided Plaintiff a placement at the United States Army Dental Command ("DENTAC") in FLW, to perform endodontic services. CMD did not provide Plaintiff with a lab coat, safety glasses, or tools to perform tasks as an endodontist. CMD did not control Defendant's work schedule or hours performing endodontist services. CMD did not determine the manner in which Plaintiff performed endodontist services. CMD did not pay for any of Plaintiff's state or federal licensing or certifications.

Plaintiff never performed endodontist services at CMD's office or headquarters. CMD did not provide him with health insurance, paid leave, or a retirement plan. Plaintiff was responsible

3

for paying his own state and federal taxes with regard to the wages he received from performing endodontist services.

Plaintiff began working at FLW in approximately 2005. Prior to entering into the Agreement with CMD, he was contracted with a different entity to provide endodontist services to the Army base in FLW. During the period of 2005 through 2020, Plaintiff entered into contractual agreements with whichever entity won the bid with the Army to provide dental services to the base.

CMD never supervised how Plaintiff performed dental services and Plaintiff maintained his dental licenses at his own expense. Plaintiff was paid an hourly rate of $200 an hour for the endodontist services he provided to his patients at FLW. Plaintiff had one dental assistant who was hired and paid by the Government. CMD had no role in hiring or paying Plaintiff's dental assistant.

CMD paid Plaintiff the sum of $15,200.00 for his dental services in 2018. Plaintiff reported this income as business earnings, not wages. CMD paid Plaintiff $358,000.000 for his dental services in 2019. Plaintiff reported this income as business earnings, not wages.

On December 18, 2019, the Army sent CMD a letter stating that, as discussed in a quarterly meeting on December 11, 2019, the Government no longer had a requirement for an Endodontist at FLW. By email dated January 10, 2020, CMD terminated the Agreement with Plaintiff. CMD terminated the Agreement because the Army notified CMD the endodontist position was no longer needed. CMD never hired anyone else for the position.

## STANDARD

Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled

4

to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1359 (8th Cir. 1993). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). To satisfy this burden, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## DISCUSSION

Defendant argues that Plaintiff was an independent contractor, not an employee, and as a result his claim for retaliation under Title VII fails.

The case law is clear that Title VII applies only to employees, not independent contractors. *Glascock v. Linn Cnty. Emergency Med.*, PC, 698 F.3d 695, 698 (8th Cir. 2012). Whether someone is an employee or an independent contractor is determined by "all aspects of the working relationship" and is a fact intensive inquiry. *Schwieger v. Farm Bureau Ins. Co. of NE*, 207 F.3d 480, 483-84 (8th Cir. 2000)(citations omitted). "A primary consideration is the hiring party's right to control the manner and means by which a task is accomplished." *Id.* Courts consider a variety of factors including the following.

> …the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of

5

the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Id.* at 484.

### a. Control

CMD did not exercise control over the method or manner Plaintiff performed his professional duties. Under the terms of the Agreement, Plaintiff determined the manner in which dental services were to be performed.

### b. Degree of skill

An endodontist is an advanced degree that is highly skilled, even among dentists

### c. Source of the instrumentalities and tools

CMD did not supply Plaintiff with supplies or tools.

### d. Location of the work

Plaintiff worked at FLW and did not perform any services at CMD's office or headquarters.

### e. Duration of the relationship between the parties

Plaintiff worked as an independent contractor for CMD for a period of three years. Pursuant to the contract either party could terminate the agreement.

### f. Hiring party's right to assign additional projects

CMD did not assign Plaintiff duties outside of being an endodontist. Instead, Plaintiff was required to perform a list of duties articulated in his CMD contract.

### g. Worker's discretion over when and how long to work

CMD had no discretion over when or how long Plaintiff worked.

### h. Payment

CMD paid Plaintiff the agreed-upon hourly rate of $200 per hour, in accordance with the terms of the Agreement. Plaintiff reported this income as business earnings, not wages on his tax

6

returns. CMD issued Plaintiff IRS Form 1099s each year, for the non-employee compensation payments made to Plaintiff for his dental services.

**i. Worker's role in hiring and paying assistants**

CMD had no role in hiring, paying, selecting, reviewing, disciplining, or terminating Plaintiff's dental assistants.

**j. Whether the work is part of the regular business of the hiring party**

CMD is a dental staffing agency which places dentists in temporary positions to provide on-site dental readiness exams to military personnel throughout the country on or near military bases.

**k. Whether the hiring party is in business**

CMD is still in business.

**l. Benefits**

Plaintiff did not receive health insurance, paid leave or retirement benefits from CMD.

**m. Tax treatment**

Plaintiff was fully responsible for paying his own federal and state withholding taxes and social security deductions. Plaintiff received an IRS Form 1099 from CMD for each year of their business relationship.

**n. Economic realities**

The economic realities and terms of the Agreement between CMD and Plaintiff support Plaintiff's independent contractor status. While most aspects of the economic realities have already been addressed in the discussion above, the Agreement expressly states: "The relationship between the Parties to this Agreement is that of independent contractors," and that "[t]he Parties are not partners, agents, or employees of each other…"

7

The Court has considered the relevant factors and finds that no reasonable juror could find that Plaintiff was an employee of CMD. As a result, Plaintiff's claim against CMD under Title VII fail. The Court finds summary judgment in favor of CMD on Plaintiff's Title VII claim for retaliation because Plaintiff was not an employee of CMD.

**DECISION**

Wherefore, for the reasons set forth herein, the Court finds Plaintiff was an independent contractor, and not CMD's employee. As a result, the Court **GRANTS** CMD's motion for summary judgment and dismisses Plaintiff's claim for retaliation under Title VII.

**IT IS SO ORDERED.**

DATED: November 6, 2025

_/s/ Douglas Harpool_
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**